IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| BESSIE L. GLOVER,  )<br>  )<br>Plaintiff,  )<br>  )<br>v.  )<br>  )<br>DEPARTMENT OF CORRECTIONS, and  )<br>JAMES PAGES,  )<br>  )<br>Defendants.  )<br>_____  ) | C/A NO. 3:07-4021-CMC-JRM<br><br>**OPINION and ORDER** |

Through this action, Plaintiff Bessie L. Glover ("Glover"), seeks recovery from her former employer, the South Carolina Department of Corrections ("SCDC"), and her former supervisor, James Page,[1] for her termination on July 12, 2005. Glover alleges that her termination was motivated by her race, age and physical impairments. Based on these allegations, she alleges claims under the following federal statutes: Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000(e) *et seq.* ("Title VII"); the Age Discrimination in Employment Act, 29 U.S.C. § 621 *et seq.* ("ADEA"); and the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq.* ("ADA").

The action is presently before the court on Defendants' motion for summary judgment. For the reasons set forth below, this motion is granted in full.

**BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey for pre-trial proceedings and a Report and Recommendation ("Report"). On May 8, 2009, the Magistrate Judge issued a

---

[1] Although identified in the complaint as James Pages, it appears that this Defendant's actual name is James Page.

Report recommending that Defendants' motion for summary judgment be granted as to all claims. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and Recommendation and the serious consequences if they failed to do so.

Plaintiff timely filed a response to the Report on May 19, 2009. The matter is now before the court for review of the four objections contained in that response.

## STANDARD

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

The court has conducted a *de novo* review of the portions of the Report and underlying record which relate to Plaintiff's four objections and has otherwise reviewed the Report for clear error. Having conducted this review, the court finds no errors and concurs with the Report in all respects. The court, therefore, adopts the reasoning and recommendations of the Report as its own.

**1.      Employment Classification**

In her first objection, Plaintiff asserts that she was a "permanent employee," rather than a temporary or probationary employee, because she transferred to SCDC from another state agency, The South Carolina Department of Disabilities and Special Needs ("SCDDSN") and was working full time.[2]  The court disagrees.[3]

To achieve "permanent" employee status, as opposed to probationary status, an employee must work for the state for a full twelve months.  Even if Plaintiff's work with the SCDDSN is added to her time with SCDC, she would fall short of the required twelve months.  Thus, the Report correctly concludes that Plaintiff was still within her new-hire twelve month probationary period at the time of her termination even if all of her state employment was considered.  *See* Report at 9-10.[4]  Consequently, there is no evidence to suggest that SCDC's stated reasons for Plaintiff's termination were pretextual.  It follows from this conclusion that Plaintiff cannot establish that her termination was the result of her race, age, or any disability status.

---

[2] Defendants appear to use the terms "temporary" and "probationary" interchangably.  The policy in question, however, uses the term "probationary" employee.

[3] Plaintiff's employment classification was critical to SCDC's termination decision which, according to its July 12, 2005 termination letter, was based on a published policy which limited probationary employees to 80 hours leave without pay.

[4] For reasons noted in the Report, it is also doubtful that Plaintiff's relinquishment of her job at SCDDSN and acceptance of a new position at SCDC constituted a "transfer" which would allow her to carry time from one position to another.  *See* Report at 10 n. 7.  The nature of the job change is, however, irrelevant because Plaintiff's total period of consecutive employment with the state was less than twelve months.

3

### 2.     **Period of Workers' Compensation Benefits**

In her second objection, Plaintiff asserts that she "received workers compensation benefits through March 10, 2006 and not March 26, 2007." This statement refers to the Magistrate Judge's recitation of the facts in which he referred to the later date as the end date for workers' compensation benefits. Report at 7 ¶ 21.

Plaintiff has not directed the court to any evidence in support of this claim of error. To the contrary, the record reflects that Plaintiff received some form of workers' compensation benefits through at least March 16, 2007. Dkt. No. 31-15 at 2.[5] The record also reflects that Plaintiff's workers' compensation claim was resolved through a compromise settlement on or about April 23, 2007. Thus, the Report errs, at most, in reciting the ending date for workers' compensation benefits as March 26, 2007, rather than March 16, 2007.

The date on which payments ended is not, in any event, critical to any recommendation in the Report. Thus, even if in error, the referenced periods for which Plaintiff received benefits are of no significance to any recommendation.

### 3.     **Lack of Accommodation**

Plaintiff asserts that her physical impairments were never accommodated. This argument misses the mark as the basis for the recommendation of summary judgment was that Plaintiff's temporary physical impairments did not constitute a disability covered by the ADA. Plaintiff has offered no argument that her impairments constituted a covered disability. The undersigned concludes that they did not for the reasons set forth in the Report. *See* Report at 15-16.[6]

---

[5] It may, however, be that the form or degree of benefits provided after March 10, 2006, differed from the benefits provided before that date.

[6] Although not necessary to the present decision, the court notes that Plaintiff's claim that Defendants never accommodated her temporary impairments is contrary to the record. According

**4.    Replacement**

Finally, Plaintiff asserts that she was replaced by a "younger white female." Plaintiff fails to direct the court to any evidence in support of this assertion and the court can find no support for it in the record  Thus, this argument is unsupported by the record. Even if supported, the statement would not modify the ultimate determination that Defendants are entitled to summary judgment on all claims. This is because there is no evidence that Defendants' stated reason for Plaintiff's termination (her having exceeded the leave-without-pay limit for probationary employees) was pretextual.

## CONCLUSION

For the reasons set forth above, the court adopts the Report in full and grants Defendants' motion for summary judgment in full.

**IT IS SO ORDERED.**

S/ Cameron McGowan Currie<br>
CAMERON MCGOWAN CURRIE<br>
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 29, 2009

---

to Plaintiff's own factual allegations, she was given light duty for a significant period of time following her on-the-job injury. *See* Dkt. 1, p. 1. This included three weeks working in the mail room followed by four months working in the warden's office. *Id.* The only accommodation which appears to have been denied is a permanent, or at least long-term, modification of the job to avoid the necessity for climbing stairs.

5